IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


TIM FITZGERALD                                                    PLAINTIFF


        v.                          CIVIL NO. 13-5119


CAROLYN W. COLVIN, Commissioner
Social Security Administration                              DEFENDANT


## MEMORANDUM OPINION

        Plaintiff, Tim Fitzgerald, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.      Procedural Background:

        The applications for DIB and SSI presently before this Court were protectively filed on

October 29, 2009, alleging an inability to work since September 26, 2009, due to degenerative

disc disease of the lower back, diabetes, ankle problems and cellulitis.  (Tr. 111, 237, 241, 272,

325).  An administrative hearing was held on November 18, 2010, at which Plaintiff appeared

with counsel and testified.  (Tr. 24-69).

In a written decision dated December 23, 2010, the ALJ found that Plaintiff retained the RFC to perform light work. (Tr. 108-123). Plaintiff then requested a review of the hearing decision by the Appeals Council

On April 24, 2012, the Appeals Council vacated the ALJ's decision, and remanded the case back the the ALJ for further evaluation which was to include the opportunity for Plaintiff to have a supplemental hearing. (Tr. 127-131)

On August 16, 2012, a supplemental hearing before the ALJ was held, at which Plaintiff appeared with counsel and testified. (Tr. 70-103). The ALJ noted that Plaintiff's subsequent applications were merged with his applications for benefits currently before this Court. (Tr. 74).

By written decision dated January 2, 2013, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: multilevel degenerative disc disease with complaints of pain but without significant objective findings of impairment. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the RFC to perform the full range of light work. (Tr. 13). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 18).

Plaintiff now seeks judicial review of that decision. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10,11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3),

-3-

1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

III.   **Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ failed to properly evaluate the combined effects of Plaintiff's morbid obesity and how it impaired Plaintiff's musculoskeletal system and his ability to work; and 2) the ALJ's decision is not supported by substantial evidence.

A.    **The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v.

-4-

Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. Plaintiff's capacity to perform light work is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).

Plaintiff argues that the ALJ erred in failing to specifically consider obesity when determining Plaintiff's RFC. A review of the record reveals that Plaintiff did not allege obesity as a disabling impairment when he applied for benefits. Furthermore, although Plaintiff's treating physicians noted Plaintiff's weight, Plaintiff was not diagnosed with obesity, and his treating physicians did not suggest Plaintiff's obesity imposed any additional work-related limitations. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir.2003). Also, Plaintiff did not testify at the administrative hearings that his obesity imposed additional restrictions. Finally, in

determining Plaintiff's RFC, the ALJ gave weight to the opinions of both examining and non-examining physicians who noted Plaintiff's exogenous obesity and opined that Plaintiff could perform activities within the RFC determined.  "In light of the evidence of record, the fact that the [ALJ's] decision does not discuss obesity as an impairment is not fatal." See Box v. Shalala, 52 F.3d 168, 171 (8th Cir.1995).  Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

### B.  Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id.  As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record revealed that Plaintiff completed a Function Report on March 18, 2011, wherein he indicated that he was able to take care of his dogs; to take care of his personal needs, noting that he used a

-6-

shower and that he dressed slowly due to pain; to prepare simple meals; to perform household chores such as cleaning, doing dishes, doing laundry, weeding, pruning, and raking with breaks; to drive for short trips; to shop in stores for food, household supplies, pet supplies, and clothes; to pay bills and count change; and to watch television and movies, read, sew, and do crafts. (Tr. 342-349). Plaintiff also reported that he was able to spend time with others, to use a computer, to talk on the telephone, and to go to the movies periodically.

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**C.  Use of the Medical Vocational Guidelines (Grids):**

Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit his capabilities. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the

-7-

Medical Vocational Guidelines which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment.  Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted).  Given the Court's finding that substantial evidence supports the ALJ's determination that Plaintiff is capable of the full range of light work, the Court believes the ALJ properly relied on the Medical Vocational Guidelines, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for light work, Plaintiff was not disabled.[1]

IV.   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 5th day of September, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[1] As stated in Defendant's brief, the ALJ cited Rule 202.21 in error. The Court finds the incorrect rule citation in this case to be harmless error.  Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir.2003) (holding that applying the incorrect grid rule is harmless error when a claimant is not disabled under the proper rule)

-8-